UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 02-14256-CIV-COHN/LYNCH

ST. ANDREWS PARK, INC. and
UNITED MANAGEMENT SERVICES
the parent of HORIZON COMMUNITY
CHURCH, INC.,

        Plaintiffs,

vs.

UNITED STATES DEPARTMENT
OF THE ARMY CORPS OF ENGINEERS,

        Defendant.
_____/



**ORDER (1) GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT & (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I & II**

**THIS CAUSE** came before the Court on Plaintiffs' Second Motion for Summary Judgment on Count I [DE #22] and Defendant's Cross-Motion for Summary Judgment [DE #34]. The Court has carefully considered the motions, including oral argument on the matter, and is otherwise fully advised in the premises.

**I. BACKGROUND**

The Plaintiffs are the owners of a parcel of property known as the St. Andrews Park Site which consists of approximately 149 acres located in the City of Port St. Lucie, Florida. The United States Corps of Engineers ("CORPS") asserted jurisdiction over the isolated wetlands on the Site that has culminated in this suit challenging the CORPS' assertion of jurisdiction. Prior to filing the suit, the Plaintiffs submitted multiple Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") requests seeking records related to the Site.



The following basic facts in this case are not in dispute:[1]

In a letter dated March 8, 2002, counsel for Plaintiffs reactivated a FOIA request originally submitted by Plaintiffs to the CORPS by e-mail on December 31, 2001, and requested all file documents, papers, and correspondence, including e-mail communications, relating to the St. Andrews Park Site. The FOIA request extended to any e-mails or electronic communications which still were stored on any intermediate servers utilized by the CORPS to transmit e-mail and on any computer hard-drive upon which such e-mails or message still existed. On April 8, 2002, the CORPS responded to the FOIA request with a partial release of records but noted that some e-mail records were being reviewed for privilege. In a letter dated April 18, 2002, the CORPS stated that no additional records would be released to the Plaintiffs, claiming exemption of the requested records under 5 U.S.C. § 552(b)(5), attorney work product and attorney-client privileges.

On May 7, 2002, counsel for Plaintiffs delivered their appeal of the CORPS' decision to withhold certain documents to the CORPS' General Counsel's office in Jacksonville, Florida. Upon Plaintiffs' commencement of this litigation, the Department of Army terminated the processing of Plaintiffs' administrative appeal and to this day the Army Office of the General Counsel has not adjudicated the appeal.

In a letter dated May 31, 2002, counsel for Plaintiffs requested that the CORPS rectify its incomplete response to the Plaintiffs' FOIA request. Counsel for Plaintiff, Mr.

---

[1] Pursuant to Southern District of Florida Local Rule 7.5, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the opposing party's statement." S.D. Fla. L.R. 7.5.

2

Frank Matthews noted that since becoming engaged in the matter he had received copies of numerous e-mails between the CORPS and various individuals that relate to the FOIA request that were neither disclosed nor identified as exempt under the FOIA. On July 23, 2002, Mr. Matthews filed an additional FOIA request with the CORPS. The request specifically sought records dated subsequent to January 2000 and related to the permitting and jurisdictional issues associated with the St. Andrews Park project. Additionally, the July 23, 2003 FOIA request twice noted that it was independent of the appeal filed by Plaintiffs on May 17, 2002.

    Having received no response from the CORPS regarding the appeal or the additional FOIA request, counsel for Plaintiffs informed the CORPS by letter dated August 26, 2002, that the CORPS' failure to comply with the basic requirements of FOIA left Plaintiff with no option but to file suit against the CORPS to compel compliance with FOIA. On September 5, 2002, the CORPS provided a partial release of documents in response to Plaintiffs' August 26, 2002 letter, but claimed protection and exemption of various requested e-mail documents pursuant to FOIA. The CORPS further amended its September 5, 2002 response by letter dated September 27, 2002, claiming eight e-mails were privileged. However, according to Plaintiffs, none of the documents listed by the CORPS as privileged include the 37 e-mails located independently by the Plaintiffs. On August 21, 2003, by fax, and August 25, 2003, by mail, counsel for Plaintiffs received a letter from counsel for the CORPS, inquiring whether several attached documents had been produced to Plaintiffs by the CORPS. At least one e-mail entry had never been previously produced by the CORPS. In response, counsel for Plaintiffs prepared and provided to counsel for the CORPS an index of the 37 e-mails that Plaintiffs contend the

CORPS itself failed to produce or identify.

The CORPS claims through the declaration of Ms. Valencia Towers that the CORPS searched for the documents requested by Plaintiffs, including a search of the CORPS' computer network from the Lotus Notes and Microsoft Outlook e-mails systems for specifically identified CORPS personnel. The CORPS' position is that it has identified and provided to Plaintiffs all responsive documents.

## II. DISCUSSION

The parties have moved for summary judgment as to Counts I and II of the Second Amended Complaint. These Counts deal with the CORPS' alleged failure to produce and/or identify as exempt from production responsive documents requested by Plaintiffs.

### A.   Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. C.V. P. 56(c). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the movant has met its burden under Rule 56(c), the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608.

The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. C.V. P. 56(e). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted) (if the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted"). Any doubts in this regard should be resolved against the moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

**B.     Freedom of Information Act**

The Freedom of Information Act, referred to as "FOIA," is "'primarily an access and disclosure statute.' It provides for wide-ranging citizen access to government documents and presumes them subject to disclosure absent a clear showing to the contrary." *Ely v. F.B.I.*, 781 F.2d 1487, 1489-90 (11th Cir. 1986) (*citing* 1984 U.S. Code Cong. & Ad. News at 3789). Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified. *See Miscavige v. I.R.S.* 2 F.3d 366 (11th Cir. 1993) (affirming grant of summary judgment where the district court "relied solely upon the declarations contained in various affidavits submitted by IRS officers, agents, and attorneys").

In this case, the parties have filed summary judgment motions on both Counts addressing the CORPS' alleged FOIA violations.

5

### *1.  Motions for Summary Judgment on Count I*

Specifically, Plaintiffs are seeking summary judgment on Count I on the basis that the CORPS failed to produce or identify properly requested documents under FOIA. Count I of Plaintiffs' Second Amended Complaint alleges that the CORPS failed to comply with its agency duties under the FOIA by failing to provide Plaintiffs with a detailed and specific justification why requested documents were not disclosed pursuant to FOIA; to explain why the exemption under 5 U.S.C. Section 552(b)(5) is relevant to nondisclosure of specific documents; and to correlate claims of exemption with the documents withheld.  In their Motion for Summary Judgment, Plaintiffs contend that they received from a third party 37 e-mails that relate directly to the St. Andrews Park Site and were within the scope of Plaintiffs' FOIA requests but that the CORPS did not produce to Plaintiffs.  According to Plaintiffs, these e-mails were received by multiple CORPS employees and contained words such as "St. Andrews Park."  Moreover, Plaintiffs informed the CORPS that it had possession of these e-mails but the CORPS still did not produce these e-mails or claim them as privileged.  Plaintiffs claim that this indicates bad faith on the CORPS' part and suggests there may be more un-produced documents.  Plaintiffs request an order requiring the CORPS to produce or identify all documents responsive to the Plaintiffs' FOIA request.  Furthermore, Plaintiffs argue that the CORPS' failure to timely hear Plaintiffs' appeal of their FOIA denial as required under 5 U.S.C. § 552(a)(6)(A)(ii), requiring that an agency make a determination with respect to any appeal within 20 business days after receiving an appeal, is evidence of the CORPS' bad faith.

The CORPS has cross moved for summary judgment on Count I on the basis that

the CORPS did not fail to produce or identify records in violation of FOIA. Specifically, the CORPS argues that a *Vaughn* index is not required during the administrative process.[2] The CORPS further claims that it conducted a good faith search and has provided or identified all responsive records. The CORPS argues that "[e]ven when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document, so long as the search was diligent . . . . And when an agency does subsequently locate additional documents, or documents initially believed to have been lost or destroyed, courts have accepted this as evidence of the agency's good faith efforts." (CORPS' Cross Motion for Summary Judgment on Count I at 12-13). Thus, according to the CORPS, Defendants have acted in good faith by conducting a diligent search and summary judgment should be granted in their favor.

The CORPS further argues that the Department of the Army exceeding the 20-day limit to respond to Plaintiffs' administrative FOIA denial appeal does not entitle Plaintiffs to summary judgment. The CORPS concedes that the appeal was not processed within the statutory 20 days but takes the position that the remedy in this situation is to treat the failure to issue a decision within the prescribed time frame as a full or "constructive" exhaustion of administrative remedies which thus affords the requestor the option of proceeding into Federal District Court without having their complaint dismissed for failure to exhaust administrative remedies: "However, the

---

[2] A Vaughn index is "a detailed index showing justification for withholding each document." *Miscavige v. I.R.S.*, 2 F.3d 366, 367-68 (11th Cir. 1993) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).

Defendant's exceeding the prescribed 20-day time limit to adjudicate the FOIA denial appeal does not entitle Plaintiffs to judgment." (CORPS' Cross Motion for Summary Judgment on Count I at 15 (*citing* 5 U.S.C. § 552(a)(6)(C)(2000)).

The Court has examined the factual record and agrees with Plaintiffs that summary judgment as to Count I should be granted in its favor. Under 5 U.S.C. § 552(a)(4)(B), a federal court is authorized to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). *See Ocean Conservancy v. Evans*, 260 F. Supp. 2d 1162 (M.D. Fla. 2003). Here, the CORPS has failed in their summary judgment pleadings to provide any explanation as to why the 37 or so e-mails that were responsive to Plaintiffs' requests were not produced by the CORPS.[3] The CORPS does not dispute that these e-mails fell within the scope of documents sought by Plaintiffs in their FOIA request or that Plaintiffs twice informed the CORPS that these e-mails were missing from the CORPS' production. Nor does the CORPS dispute that counsel for the CORPS sent a letter to counsel for Plaintiffs in which she inquired whether the Plaintiffs had received attached documents and whether the attached documents were those that Plaintiffs had alleged were illegally withheld, and that Plaintiffs in response provided to counsel for the CORPS an index of the 37 e-mails that Plaintiffs contend the CORPS itself failed to produce or identify. Moreover, the CORPS does not dispute that on September 12,

---

[3] Thus, the issue is not, as the CORPS focuses on, whether the CORPS failed to produce documents that no longer exist in its possession (see DE #34 at 12-13), but whether the CORPS has met its burden on summary judgment of showing that it conducted a reasonable search for *all* responsive documents, including such 37 e-mails that Plaintiffs notified the CORPS were missing from the CORPS' production.

2003, Plaintiffs served an Amended Notice of Taking Deposition Duces Tecum of Valencia Towers, the Alternate Freedom of Information Officer of the CORPS' Jacksonville office, wherein Ms. Towers was provided with the Plaintiffs' index of 37 e-mails and directed to produce these e-mails at her deposition. (DE # 37). In addition, the Affidavit of Ms. Towers submitted by the CORPS in support of its summary judgment pleadings omits mentioning the CORPS' failure to search for documents located on individual computer hard-drives of CORPS employees. The Affidavit only represents that the network server was searched, conclusorily averring that, "[a]fter diligent search and verification through multiple managers, officials, employees of the Corps and a search of the District's computer network and specifically requested e-mail accounts of identified Corps personnel, I affirm that all documents responsive to plaintiffs' FOIA requests 02-176 and 02-417 have been identified and provided to plaintiffs, with the exception of eight (8) identified e-mails claimed as being exempt from disclosure under the FOIA." *(DE #34 at ¶¶ 18-19).*

The CORPS simply has not met its burden on summary judgment. The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. C.V. P. 56(e). Here, the CORPS has not met its burden of showing that it has "thoroughly searched for the requested documents where they might reasonably be found." *Miller v. United States Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985); *see also Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (an agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested). Ms. Tower's Affidavit does

not set forth "the search terms and the type of search performed and aver[] that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby*, 920 F.2d at 68. Rather, Ms. Towers only avers that she requested someone in the CORPS' "Information Management (IM) Division" to restore and access the CORPS' electronic mail documenters for select individuals and to search for documents related to the St. Andrews Park site. *See* DE #43 at ¶ 11. This on its own – let alone coupled with the CORPS' admitted failure to timely hear Plaintiffs' appeal within 20 business days -- is insufficient to sustain the CORPS' burden in surviving summary judgment.

  2. ***Defendant's Cross-Motion for Summary Judgment on Count II***

The CORPS has moved for summary judgment as to Count II on the basis that it has not improperly withheld any records, but rather has properly asserted FOIA exemptions for all documents withheld from production to Plaintiffs. In response, Plaintiffs contend that the CORPS did not provide a sufficient factual basis and justification for their claimed exemptions from disclosure as alleged in Count II of their Second Amended Complaint. That Count seeks an order finding the CORPS unlawfully asserted documents were privileged or exempt from FOIA in violation of 5 U.S.C. § 552(b)(5); compelling the CORPS to produce the withheld documents; and awarding attorney's fees and costs. Alternatively, the Plaintiffs request the Court to inspect the documents *in camera* to determine whether the asserted privileges and exemption apply to the documents.

Following oral argument on the issue, the Court determined that the proper course of action in this case was to proceed with an *in camera* review of the small

volume of documents at issue (eight groups of e-mail chains). Resort to *in camera* review is discretionary as is resort to a *Vaughn* index. See 5 U.S.C. 552(a)(4)(B); *Miscavige v. I.R.S.*, 2 F.3d 366, 367-68 (11th Cir. 1993) ("when there are so few documents involved, an *in camera* inspection might be the preferred procedure, but it is discretionary and not required, absent an abuse of discretion"); *Currie v. I.R.S.*, 704 F.2d 523 (11th Cir. 1983) (upholding denial of relief on the basis of affidavits, and rejecting the necessity of a *Vaughn* Index, where the district court made an *in camera* inspection of the documents). The Court is "the ultimate arbiter" of whether the CORPS has provided an adequate factual basis to support its claim of exemption. *Miscavige*, 2 F.3d at 367-68 (holding that the district court had an ample factual base and was not clearly erroneous in finding that the documents withheld were exempt under the applicable provisions of the FOIA where declarations submitted were "highly detailed, focus[ed] on the individual documents, and provide[d] factual base for withholding each document at issue"); *see also Ocean Conservancy v. Evans*, 260 F. Supp. 2d 1162 (M.D. Fla. 2003) (granting summary judgment in favor of defendant where defendant established through its Vaughn declaration and index that the withheld documents [were] exempt from disclosure under FOIA exemption (b)(5) based upon privileges set forth in the Vaughn declaration and index").

Moreover, as the Eleventh Circuit has set out, the burden "is squarely on the government to prove that the information in question is covered by one of the exemptions." *Ely v. F.B.I.*, 781 F.2d 1487, 1489-90 (11th Cir. 1986) (FOIA's "disclosure provisions are read broadly, its exemptions narrowly") (*citing, inter alia*, 1984 U.S. Code

Cong. & Ad. News at 3789). From its review of the pleadings and exhibits filed in this action, as well as the withheld documents submitted to the Court for *in camera* review, this Court concludes that the CORPS has not sufficiently met this burden so as to prevail on its Motion for Summary Judgment.

As an initial matter, the CORPS' argument that Plaintiffs' "'early attempt in litigation of this kind to obtain a *Vaughn* Index . . . is inappropriate until the government had first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions,'" (CORPS' Response to Plaintiffs' Motion for Summary Judgment [DE #34] at 8 (*quoting Miscavige*, 2 F.3d at 369)), is inapposite. In *Miscavige*, the Eleventh Circuit held that "in certain cases, affidavits can be sufficient for summary judgment purposes in an FOIA case if they provide as accurate a basis for decision as would sanitized indexing, random or representative sampling, *in camera* review, or oral testimony." *Miscavige*, 2 F.3d at 369. Here, the Court finds that the CORPS failed to provide the Court with the information necessary to make a decision on the applicable exemptions, *either* through affidavits, an adequate *Vaughn* index, or other means. *See Currie v. I.R.S.*, 704 F.2d 523 (11th Cir. 1983) (district court's review of claim for exemption was adequate where it reviewed the documents in their entirety aided by cover sheets prepared by the IRS).

"A true Vaughn index identifies discrete portions of documents and identifies the exemption pertaining to each portion of the document. In most cases, such an index provides the date, source, recipient, subject matter and nature of each document in sufficient detail to permit the requesting party to argue effectively against the claimed

exemptions and for the court to assess the applicability of the claimed exemptions." See *Moye v. National R.R. Passenger Corp.*, No. 2003 WL 21146674, at *11 n.2 (M.D. Fla. May 13, 2003) (*citing Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 248-51 (D.C. Cir. 1977); *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973)). The list of documents withheld filed by the CORPS do not meet this level of specificity: First, the CORPS lists as one entry – i.e. as one document – each *string* of e-mails comprising several individual e-mails. Each such e-mail is a separate document, with its own time and date, and should be listed individually so that the Court may properly ascertain the exemption being claimed as to *each* individual document.

Second, and compounding the issue of string e-mails being lumped together on the CORPS' log (regardless of whether that log is termed a *Vaughn* index or otherwise), the CORPS fails to identify separately the author and recipient for each single e-mail. Instead, the CORPS lumps together authors and recipients without distinguishing between them so that it is impossible, without looking at the documents as the Court has done *in camera*, to determine who sent what to whom. Obviously, the Court was able to overcome this problem to some extent by examining the documents *in camera*. However, such examination is not dispositive when the CORPS has failed to file anything to support the role of the authors and recipients in relation to the agency so that the Court may determine whether a particular e-mail is exempt from production under FOIA.

Specifically, the CORPS has withheld documents based on the deliberative process exemption codified in 5 U.S.C. § 552(b)(5). Exemption 5 states that the FOIA

disclosure requirements do not apply to matters that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Because the CORPS has not filed an *Vaughn* index or an affidavit describing the role of the authors and recipient of each individual e-mail, the Court cannot determine, even with the documents before it coupled with the CORPS' log of the documents, whether specific documents are inter-agency or intra-agency communications "which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).

This deficiency in the CORPS' filings on summary judgment is heightened in the context of the Court determining whether the attorney-client privilege applies. Exemption 5 exempts from disclosure any document protected by the attorney-client privilege where the agency shows that "the communication is based on confidential information provided by the client," and that the document was circulated no further than among those members of the organization "who are authorized to speak or act for the organization in relation to the subject matter of the communication." *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 253-54 & n.24 (D.C. Cir. 1997).

Here, material issues of fact exist regarding whether the individuals listed in the CORPS' log corresponding to documents that have been withheld on the basis of attorney-client privilege served as counsel for the CORPS, and whether other individuals listed on the log as having received such e-mails are third parties such that the privilege has been waived. The CORPS simply has not presented sufficient facts on summary

14

judgment to sustain its assertion of the attorney-client privilege.[4] "It has not presented evidence about the distribution of the documents, other than providing the names of the individuals to whom a communication was addressed, or about its efforts to maintain the confidentiality of the communications. It has not stated whether the information upon which the communications were based was provided by [the CORPS] . . . Finally, it has not adequately addressed the question of whether there are segregable, nonexempt portions of any of these documents." *Moye*, 2003 WL 21146674 at *14. Without the requisite particularity of facts being advanced by the CORPS, summary judgment as to Count II will be denied.[5]

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Second Motion for Summary Judgment on Count I [DE #22] is hereby **GRANTED** as follows:

   a. Judgment is hereby entered in favor of Plaintiffs and against Defendants as to Count I of the Second Amended Complaint.

---

[4] Similarly, the CORPS has withheld e-mails based on the work product doctrine but has lumped such e-mails together without identifying if *all* the e-mails in the chain are being withheld on this basis, or, if not, which particular ones are claimed as work product.

[5] The Court notes that the CORPS' asserted reasons for withholding documents *appear on their face* to be justified by the deliberative process, attorney-client privilege and work product exemptions. *See* Defendant's Cross-Motion for Summary Judgment [DE #34] at 17-18 & Exs. A, I & K. However, the Court reemphasizes that the problem is that the CORPS has failed to make clear to the Court which specific e-mails in each e-mail chain fall within which exemption, and has failed to provide adequate background into the role of each specific author and recipient so as to allow the Court to determine whether the exemptions are indeed justified.

    b.    The Court hereby orders the CORPS to conduct a good faith, reasonable, and diligent search for all documents responsive to Plaintiffs' FOIA requests that are the subject of this Order and to produce to Plaintiffs or specifically identify as exempt from production on a *Vaughn* index all such documents (to the extent not already produced or identified) within 20 days from the date of this Order.

    c.    The Court further orders the Army Office of the General Counsel to adjudicate the Plaintiffs' appeal of the CORPS' treatment of Plaintiffs' FOIA requests within 20 days from the date of this Order.

    d.    The Court further orders that any motions for attorneys' fees and costs be filed with this Court within 30 days.

2.    Defendant's Cross-Motion for Summary Judgment [DE #34] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of November, 2003.

                                      JAMES I. COHN
                                      UNITED STATES DISTRICT JUDGE

Copies furnished to:
Marilynn K. Lindsey, Esq.
Lloyd D. Pike, Esq.
D. Kent Safriet, Esq.